FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 OCT -9 AM 10: 59

CLERK___J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EVA CHAPMAN,                      *
                                  *
        Plaintiff,                *
                                  *        CV 318-014
    v.                            *
                                  *
ROBERT WILKIE, Secretary,         *
United States Department of       *
Veterans Affairs,                 *
                                  *
        Defendant.                *

O R D E R

Plaintiff Eva Chapman, who is proceeding pro se, initiated this case on February 26, 2018, when she filed a form "Complaint for Employment Discrimination." On August 6, 2018, Defendant Robert Wilkie, the Secretary of the United States Department of Veterans Affairs, filed a motion to dismiss Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for failure to exhaust administrative remedies and failure to state a claim. Plaintiff timely filed a responsive brief opposing dismissal. The Court has reviewed the complaint, the parties' briefs, and the relevant case law and resolves the matter as follows.

# I. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule 8(a) analysis in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to the Twombly/Iqbal paradigm, to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at 678-79. Stated another way, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678.

The pleadings of a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will,

2

therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.  PLAINTIFF'S COMPLAINT

When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." <u>GSW, Inc. v. Long Cnty.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). In the instant case, Plaintiff attached to her complaint the decision of the United States Equal Employment Opportunity Commission, dated November 29, 2017, to affirm the Department of Veterans Affairs final order granting summary judgment in favor of Plaintiff's employer on her claims of race and disability discrimination and reprisal. (<u>See</u> Attachment to Compl., Doc. No. 1 (hereinafter "EEOC Decision Letter").) Thus, for purposes of setting forth the factual background of Plaintiff's case and the allegations arising therefrom, the Court refers <u>only</u> to Plaintiff's form complaint and the EEOC Decision Letter.

According to Plaintiff's complaint, she was employed by the Carl Vinson VA Medical Center (the "VA") in Dublin, Georgia. In July or August 2012, Plaintiff applied for a Registered Nurse

position advertised under Vacancy Announcement Number OA-12-709875-DP. Plaintiff and two others applied for the position. On August 28, 2012, the three applicants were referred to the selecting official; however, no selection was made. Rather, the position was readvertised under Vacancy Announcement Number OA-12-736830. Plaintiff did not re-apply for the position, and the VA chose another applicant.

In July or August 2012, Plaintiff applied for the position of Supervisory Program Specialist which was advertised under Vacancy Announcement Number OA-12-701395. On September 19, 2012, three other candidates were referred to the selection panel. The position was filled from this list of candidates; thus, Plaintiff did not get this position either.

On November 21, 2012, Plaintiff filed an EEO complaint in which she alleged that the VA discriminated against her based on her race (African American), disability (major depression/sarcoidosis), and in reprisal for prior protected EEO activity when she was not hired for these two positions. Plaintiff received a Notice of Right to Sue letter on December 9, 2017, and timely filed the instant case. As stated previously, Plaintiff used a form Complaint for Employment Discrimination, on which she checked the following boxes as bases for this Court's jurisdiction: (1) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e – 2000e-17 ("Title VII"); (2) Age Discrimination

4

in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"); (3) Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 ("ADA"); and (4) Other – "Whistle Blower Laws."[1]  (Doc. No. 1, Compl. at 3.)

## III.  ANALYSIS

Defendant has moved to dismiss all of Plaintiff's claims, contending that she failed to exhaust her administrative remedies with respect to the ADEA and WPA claims, and that she failed to allege sufficient facts to plausibly suggest that she is entitled to relief on all of her claims.

### A.  Failure to Exhaust the ADEA and WPA Claims

In general, where a plaintiff is required to exhaust administrative remedies prior to bringing a federal lawsuit, the scope of the judicial complaint is limited to the scope of the investigation by the Equal Employment Opportunity Commission ("EEOC").  Thus, a plaintiff is precluded from pursuing any claims in a federal lawsuit that are not "like or related" to the claims asserted by the plaintiff in her EEOC charge, or that could not reasonably be expected to arise during the course of the EEOC investigation.  Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004).

---

[1]  Plaintiff is presumably referring to the federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8).

The ADEA requires an individual alleging age discrimination in employment to exhaust the administrative remedies available from the EEOC prior to filing suit in federal court. 29 U.S.C. § 626(d)(1). In this case, Plaintiff's EEOC complaint does not mention age discrimination. Instead, she lists "race," "reprisal" and "disability" as the bases of her discrimination claim.[2] Moreover, the EEOC Decision Letter never mentions age discrimination in its review of the merits. Also, while Plaintiff checks the box listing the ADEA as a basis for this Court's jurisdiction, she does not check the "age" box under the Statement of Claim section, and in her factual background, she only mentions race, disability and reprisal. Finally, Plaintiff does not mention age discrimination in her responsive brief.

Upon the foregoing, the Court concludes that Plaintiff did not intend to pursue a claim for age discrimination under the ADEA, and in any event, any ADEA claim must be dismissed for failure to exhaust administrative remedies.

The Court now addresses Plaintiff's reference to "Whistle Blower Laws" in her complaint. The Whistleblower Protection Act

---

[2] Defendant attaches Plaintiff's EEOC complaint to its motion to dismiss. (Doc. No. 12-1.) Because Defendant has moved to dismiss for failure to exhaust administrative remedies, matters outside of the pleadings, such as an EEOC complaint, may be considered. See Brady v. Postmaster General, U.S. Postal Serv., 521 F. App'x 914, 916 (11th Cir. 2013) (quoting Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)).

("WPA"), 5 U.S.C. § 2302(b)(8), provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety. WPA claims are considered under the procedural framework of the Civil Service Reform Act ("CSRA"). Hendrix v. Snow, 2006 WL 288099 (11th Cir. Feb. 8, 2006). Thus, the CSRA provides the exclusive remedy for claims brought pursuant to the WPA. Indeed, "'[u]nder no circumstances does the WPA grant the district court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.'" Id. at *8 (quoting Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002)).

In this case, Plaintiff has not alleged that she complied with the procedures set forth in the CSRA. She has not sought relief before the Office of Special Counsel (see 5 U.S.C. § 1214(a)(3)), nor has the Office of Special Counsel investigated the matter. Instead, Plaintiff only filed a claim with the EEOC. In her EEOC claim, Plaintiff did not contend or state facts to support a claim that she did not get a promotion due to the VA's reprisal for whistleblowing activities. In fact, Plaintiff has not alleged that she engaged in any conduct that would constitute a whistleblowing activity. Finally, Plaintiff does not mention the WPA or whistleblowing activities in her responsive brief.

Upon the foregoing, the Court concludes that Plaintiff did not intend to pursue a claim under the WPA, and in any event, any WPA claim must be dismissed for failure to exhaust administrative remedies.

## B.    Title VII Race Discrimination

In the absence of direct evidence of racial discrimination,[3] a plaintiff must allege facts sufficient to show a prima facie case of racial discrimination under the McDonnell Douglas[4] framework, to wit:  (1) that she is a member of a protected class, (2) that she was qualified for the position; (3) that she suffered an adverse employment action; and (4) that she was treated less favorably than a similarly situated person outside of her protected class.  See, e.g., Flowers v. Troup Cnty., 803 F.3d 1327, 1336 (11th Cir. 2015).

The McDonnell Douglas framework, however, is an evidentiary standard, not a pleading requirement.  Thus, a Title VII complaint need not allege specific facts sufficient to *establish* a prima facie case, but "must provide 'enough factual matter (taken as true) to *suggest*' intentional [race] discrimination."  Castillo v. Allegro Resort Marketing, 603 F. App'x 913, 917 (11th Cir. 2015)

---

[3] Plaintiff pled no facts that would constitute direct evidence of discrimination.

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Cir. 2008)) (emphasis added); see also Andrews v. City of Hartford, 700 F. App'x 924, 926 (11th Cir. 2017) ("[A] complaint must allege sufficient facts to allow the court to draw the reasonable inference that the employer engaged in discrimination.").

In this case, Plaintiff has alleged that she was black and that she was not hired for two positions, thus satisfying the first and third elements. However, she has not alleged that she was qualified for the positions or that a similarly-situated, non-black individual was selected or treated more favorably. The entirety of the statement of facts in Plaintiff's complaint are:

> On Nov. 21, 2012, I filed an EEO complaint in which [I] alleged that the Agency discriminated against [me] on the bases of race (Black), disability and in reprisal for prior protected EEO activity when 1. On August 28, 2012 [I] was referred but not selected for the position of Registered Nurse (Wound Care) . . .; and 2. On Sept. 19, 2012, [I] was not referred for the position of Supervisory Program Specialist . . . .

(Doc. No. 1, at 4-5.) These facts do not address the other two elements – qualification and comparators.

While the EEOC Decision Letter attached to Plaintiff's complaint provides more factual content, it does not cure the inadequacies of Plaintiff's pleading. Indeed, the stated facts of the EEOC Decision Letter actually cut against any claim that Plaintiff was discriminated against. It points out that Plaintiff did not even apply for the readvertised position of Registered Nurse (EEOC Decision Letter, at 5); thus, Plaintiff can hardly be

similarly situated to the applicant who was hired. There is also a statement indicating that Plaintiff may not have been qualified for the Registered Nurse position in that none of the three referred applicants (including Plaintiff) were selected because they lacked wound care experience on their applications. (Id.) As to the second position, Supervisory Program Specialist, the only statement respecting qualification remarks that Plaintiff was not referred because "she was not listed on the internal certification list, and under the local American Federation of Government Employees (AFGE) master agreement, management is required to review internal candidates first." (Id.) Thus, Plaintiff has not alleged sufficient facts to show she was qualified for each position, and she has not identified any specific comparator she contends was treated differently or presented any facts indicating how that individual is similarly situated.[5]

The only other factual allegations in the EEOC Decision Letter potentially relevant to a claim of racial discrimination are statements attributed to Plaintiff through the EEOC investigation. The EEOC Decision Letter reports that Plaintiff complained "that

---

[5] The Court notes that Plaintiff provides more specific facts regarding her qualifications, the selection process, and the people involved therein in her responsive brief to the motion to dismiss. The Court cannot consider these facts because they are matters outside of the pleadings.

the Selecting Official saw her application and threw it into the trash . . . . [Plaintiff] thought that race was a factor in her nonselection because management ran the [VA] 'like a plantation,' and Caucasian nurses get to do their jobs by 'sitting down or carrying a pad around and checking things,' while African-American nurses are responsible for patient care and work with medicine carts." (Id. at 2-3.) Plaintiff also made the blanket assertion that "management is racist." (Id. at 3.) These allegations, however, are mere labels and conclusions and thus, do not suffice to state a plausible claim for relief. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Twombly, 550 U.S. at 55, 557)); see also Gadling-Cole v. Lagory, 2015 WL 1268018 (N.D. Ala. Mar. 19, 2015) (in granting a motion to dismiss, concluding that the plaintiff's "bare statement that 'other employees' received more favorable treatment is the type of conclusory allegation that 'epitomizes speculation and therefore does not amount to a short and plain statement of [her] claim under Rule 8(a)'" (quoted source omitted)).

The factual allegations in the complaint and the EEOC Decision Letter are insufficient to allow the Court to infer that Plaintiff was not hired for either position because of her race. In short,

Plaintiff has failed to allege a plausible claim of disparate treatment, and her claim of race discrimination must be dismissed.

### C. Title VII Retaliation Claim

To plausibly state a claim for retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there is some causal connection between the two events. McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008); Hopkins v. Saint Lucie Cnty. Sch. Bd., 399 F. App'x 563, 566 (11th Cir. 2010). In consideration of the complaint and the EEOC Decision Letter, Plaintiff has failed to allege any facts that would show that she had engaged or was engaging in a statutorily protected form of expression when she was turned down for either position. Plaintiff's EEOC complaint was filed in November 2012, *after* the two positions had been filled. Accordingly, Plaintiff's conclusory claim of "reprisal" is unsupported by any factual allegations and must be dismissed.

### D. The Disability Claim

Plaintiff checks the "ADA" box on her complaint indicating that she intends to pursue a disability discrimination claim. She also mentions disability discrimination with the EEOC. However, a disability discrimination claim by a federal employee must be brought under the Rehabilitation Act. 29 U.S.C. § 791.

A plaintiff shows a prima facie case of discrimination under the Rehabilitation Act by showing that (1) she has a disability, (2) is otherwise qualified for the position, and (3) was subjected to unlawful discrimination because of that disability. Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999). As previously explained, Plaintiff has failed to allege sufficient facts to show that she was qualified for either position for which she applied. Moreover, Plaintiff has wholly failed to allege facts that would indicate that her disability played any role in the decision not to hire her for either position, let alone that it was a determinative factor. See Andrews, 700 F. App'x at 926-27 (affirming district court's dismissal of an ADA claim because the plaintiff did not allege that his disability was a "determinative factor" in the city's decision to fire him). A conclusory statement that Plaintiff was not hired because of her disability is not sufficient to state a discrimination claim. See id. at 927 (dismissing the plaintiff's ADA claim because he failed to allege plausible facts concerning the officials who made the decision and their motives, how his disability was a determinative factor in the decision, or "any other facts giving rise to an inference of disability discrimination"). Accordingly, Plaintiff's disability discrimination claim under the Rehabilitation Act must be dismissed.

## IV. CONCLUSION

Upon the foregoing, Defendant's motion to dismiss (doc. no. 12) is **GRANTED IN PART**. Plaintiff's age discrimination and whistleblower claims are dismissed for failure to exhaust administrative remedies.

The Court also concludes that Plaintiff has failed to state a claim for race discrimination, disability discrimination, or reprisal. Thus, these claims are due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Nevertheless, the Eleventh Circuit has counseled that when "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff has not previously amended her complaint, and it cannot be said that any attempt to do so with respect to her claims of race discrimination, disability discrimination, and reprisal would be futile. Thus, Plaintiff will be given one opportunity to amend her complaint in a manner that comports with the pleading requirements set forth above.

Should Plaintiff wish to pursue this case, **IT IS ORDERED** that she shall amend her complaint to include all of her allegations in _one_ document, within twenty-one (21) days of the date of this Order. Plaintiff's amended complaint **MUST** comply with the following instructions.

14

The amended complaint must be printed legibly so the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). The amended complaint should clearly set forth which causes of action or "counts" (race discrimination, disability discrimination, and/or reprisal) Plaintiff is pursuing. The amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct or factual allegation per paragraph.

Plaintiff is cautioned that she must avoid conclusory allegations; she must state specific *facts* that support her claims. In particular, if she alleges that Defendant discriminated against her, she must state what acts of discrimination she contends occurred; who engaged in the discriminatory acts and when; and the facts she contends support her belief that the acts was taken because of a protected characteristic such as race or disability. If Plaintiff alleges that Defendant retaliated against her, she must identify the statutorily protected activity she engaged in; when she engaged

in the protected activity; to whom she voiced her complaint and the form of her complaint; the acts of retaliation (when they occurred and who took them); and facts to support her belief that the acts were taken because she engaged in statutorily protected activity.  <u>While Plaintiff may attach exhibits to her amended complaint, she shall not incorporate them by reference as a means of providing the factual basis for her complaint.</u>[6]

Plaintiff is further cautioned that no portion of any prior pleading (including her response to the motion to dismiss and original complaint) shall be incorporated into her amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims she wishes the Court to consider as a basis for awarding the relief sought.

Plaintiff is **DIRECTED** to file <u>and</u> serve her amended complaint on Defendant no later than twenty-one (21) days from the date of this Order.  If Plaintiff does not file a timely amended complaint, the Court will assume that she does not wish

---

[6] For example, Plaintiff should not simply state, "See attached documents."

to prosecute the case, and the case will be dismissed without further notice.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of October, 2018.

UNITED STATES DISTRICT JUDGE