FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 APR -5 PM 3:31

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EVA CHAPMAN,                         *
                                     *
        Plaintiff,                   *
                                     *
                                     *        CV 318-014
    v.                               *
                                     *
ROBERT WILKIE, Secretary,            *
United States Department of          *
Veterans Affairs,                    *
                                     *
        Defendant.                   *


                        _____

                        O R D E R

                        _____


    Plaintiff Eva Chapman, who is proceeding pro se, initiated

this case on February 26, 2018, when she filed a form "Complaint

for Employment Discrimination."   Defendant Robert Wilkie, the

Secretary of the United States Department of Veterans Affairs,

filed a motion to dismiss Plaintiff's claims.   On October 9, 2018,

the Court determined that Plaintiff had failed to exhaust

administrative remedies with respect to her age discrimination and

whistleblower claims.   Those claims were dismissed.   The Court

also concluded that Plaintiff had failed to state a claim for race

discrimination, disability discrimination, or reprisal.   However,

Plaintiff was given an opportunity to amend her complaint with

respect to these claims.

Plaintiff filed her Amended Complaint on October 29, 2018. (Doc. No. 17.) Defendant has now moved to dismiss the Amended Complaint. The Court has reviewed the Amended Complaint, the parties' briefs, and the relevant case law and resolves the matter as follows.

## I.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule 8(a) analysis in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to the Twombly/Iqbal paradigm, to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at 678-79. Stated another way, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678.

The pleadings of a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II. LEGAL ANALYSIS

In the Order of October 9, 2018, the Court allowed Plaintiff to replead three claims: a racial discrimination claim under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e – 2000e-17 ("Title VII"); a disability claim under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12111-12117 ("ADA"); and a retaliation claim. The Court set forth the elements of each claim and carefully explained that Plaintiff must allege specific facts, which if accepted as true, would be sufficient to state a claim for relief that is plausible on its face. That is, Plaintiff must allege sufficient factual matter

3

from which the Court could infer that Defendant committed the misconduct alleged.

At the outset of the Amended Complaint, Plaintiff asserts that she is stating a claim for retaliation under Title VII and the ADA.[1,2] Thus, she has abandoned any claim of disparate treatment under either Title VII or the ADA. The Court will therefore focus on whether Plaintiff has stated sufficient facts to state a plausible claim for relief on her retaliation claims.

While Plaintiff refers to the ADA, a federal employee asserting a claim of disability retaliation must proceed under the Rehabilitation Act, not the ADA. The Rehabilitation Act, 29 U.S.C. § 791, "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). That said, the Rehabilitation Act incorporates the anti-retaliation provision from the ADA, 42 U.S.C. § 12203(a), which prohibits retaliation because an individual "opposed any act or practice made unlawful by this chapter" or because an individual

---

[1] When asked to list the specific federal statutes at issue in the case, Plaintiff states: "The Anti-Retaliation Clause Section 2000e-3 of Title VII . . . and 12203 of the ADA." Section 2000e-3 and Section 12203 are the anti-retaliation provisions of Title VII and the ADA respectively.

[2] Plaintiff also references the ADEA (Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634); any ADEA claim, however, was dismissed in the Order of October 9, 2018, based upon Plaintiff's failure to exhaust administrative remedies.

"testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this chapter." Moreover, the ADA's anti-retaliation provision is similar to Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), which prohibits retaliation because an individual "opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Accordingly, courts assess ADA retaliation claims under the same framework as Title VII retaliation claims. Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec., 410 F. App'x 243, 245 (11th Cir. 2011); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997) (cited source omitted). To plausibly state a claim for retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there is some causal connection between the two events. Hopkins v. Saint Lucie Cnty. Sch. Bd., 399 F. App'x 563, 566 (11th Cir. 2010); McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008).

According to Plaintiff's Amended Complaint, she was denied two positions to which she applied at the Carl Vinson VA Medical Center (the "VA") in Dublin, Georgia. The first position was for Registered Nurse (Wound Care) under Vacancy Announcement Number QA-12-709875-DP. (Am. Compl., Statement of Claim, ¶ 1.) On August

5

28, 2012, Plaintiff was referred to the selecting official; however, she was not selected. (Id.) Plaintiff asserts that she had previously filed several EEO complaints against the selecting official, Ms. Sue Preston. Plaintiff further alleges that Preston had stated that Plaintiff "was not fit for her VA." (Id.)

On September 19, 2012, Plaintiff was not referred to the position of Supervisory Program Specialist, Vacancy Announcement Number QA-12-701395-DAHP. (Id. ¶ 2.) Plaintiff explains that Mr. David Petrasek was the HR specialist for this job, but she had previously filed an EEO complaint against him as well. (Id.) She further alleges that Petrasek had placed Plaintiff on a "Do Not Hire List" and "documented [Plaintiff] not suitable to work at the VA." (Id.)

With respect to the prior EEO complaints, Plaintiff alleges that she filed two EEO complaints against Preston on March 12, 2009 and June 25, 2010. (Id. ¶ 4.) She further alleges that she resigned in September 2010, but she filed additional EEO complaints: one on October 28, 2010, and one on July 27, 2012, which she states was still "in progress" during the aforementioned job selection processes.[3] (Id. ¶ 5.)

---

[3] Plaintiff also mentions a complaint filed on November 21, 2012, which cannot be relevant to a retaliation claim since it was filed after her non-selection for the two subject job positions.

Applying the elements of a retaliation claim to these asserted facts, Defendant challenges the sufficiency of Plaintiff's allegations with respect to the first and third elements of a prima facie case of retaliation.

The first element requires a showing that Plaintiff engaged in statutorily protected expression. The filing of an EEO claim is a "statutorily protected activity." Burgos-Stefanelli, 410 F. App'x at 246. Defendant complains that there is not enough information about the prior EEO complaints to know if they relate to her present claims under Title VII and the ADA (Rehabilitation Act). The content of the EEO complaints is not relevant at this point. The Court must only assess whether Plaintiff has alleged facts sufficient to show that she engaged in statutorily protected activity. She has.

The third element requires facts showing some causal relationship between the statutorily protected activity and the adverse employment actions. When there is no direct evidence of a retaliatory motive for the employer's adverse action, a plaintiff may prove causation "by showing a close temporal proximity" between the two events. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). The temporal proximity must be "very close" to show causation; in the Eleventh Circuit, a three-month time lapse has been held insufficient to create a jury issue regarding causation. Walker v. Sec'y, U.S. Dep't of Air Force, 518 F. App'x

626, 628 (11ᵗʰ Cir. 2013); <u>Higdon v. Jackson</u>, 393 F.3d 1211, 1220 (11ᵗʰ Cir. 2004). Here, Defendant complains that the temporal proximity between the protected activity and the adverse actions is not close. Defendant concedes in brief, however, that Plaintiff allegedly filed an EEO complaint on July 27, 2012, one month prior to the first job non-selection. Moreover, Defendant's argument that Plaintiff does not specifically link Preston or Petrasek to her July 27, 2012 EEO complaint is unavailing at this stage of the litigation. Plaintiff alleges that she named both of these decision-makers in prior EEO complaints. When coupled with an EEO complaint one month earlier, this factual assertion is enough to state the necessary temporal proximity.

In sum, Plaintiff has alleged that she was engaged in statutorily protected activity by filing the prior EEO complaints. She has alleged that she suffered an adverse employment action by failing to obtain the two job positions, and she has stated a plausible causal connection between the prior EEO complaints and her non-selection. Thus, Plaintiff has alleged sufficient facts from which the Court can infer Defendant retaliated against her.

### III. CONCLUSION

Upon the foregoing, Defendant's motion to dismiss Plaintiff's Amended Complaint (doc. no. 20) is **GRANTED IN PART** and **DENIED IN PART**. More specifically, the *only* claims upon which Plaintiff may

proceed are her claims that she was not selected for the position of Registered Nurse (QA-12-709875-DP) or of Supervisory Program Specialist (QA-12-701395-DAHP) in 2012 in retaliation for her prior protected activity. Any other claim referenced in the amended complaint is dismissed.

The stay of this case is hereby **VACATED**. In accordance with the Order of August 16, 2018, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines. The Court extends the deadline, however. The Rule 26(f) report shall be filed within fourteen days of the entry of this Order. Plaintiff is reminded of the obligations and basic instructions regarding the prosecution of the case explained by the United States Magistrate Judge in the Order of February 26, 2018.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE

9